GARDEN HOMES, INC. *vs.* DISTRICT COURT OF SOMERVILLE.

Middlesex. October 7, 8, 1957. — December 4, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Certiorari. Jurisdiction,* Case removed to Federal court. *Practice, Civil,* Removal to Federal court.

An order of notice does not issue as a matter of course upon the filing of a petition for a writ of certiorari, but only after an examination of the petition by a judge and a determination that there is presented a matter of substance proper for judicial consideration. [434]

Certiorari does not lie to review a ruling of a court where another means of review exists. [434]

Issuance of an order of notice was properly refused on a petition for a writ of certiorari against a court to review a refusal by a judge thereof to act in a case after it had been removed to the United States District Court and its removal held authorized by a decision of the Court of Appeals, so that the State court from which the case was removed had lost jurisdiction thereof under U.S.C. (1952 ed.) Title 28, § 1446 (e). [435]

PETITION for a writ of certiorari, filed in the Superior Court on December 21, 1956.

The petitioner appealed from the denial by *Good,* J., of an application for issuance of an order of notice.

*Angus M. MacNeil,* for the petitioner.

*Edward F. Mahony,* Assistant Attorney General, for the respondent.

*Charles F. Barrett,* Assistant United States Attorney, by leave of court argued as amicus curiae.

WILKINS, C.J.   This is a petition for a writ of certiorari brought in the Superior Court, Middlesex County, for the purpose of reviewing rulings which were made in an action of contract or tort brought in the District Court of Somerville by the petitioner here (the plaintiff there) against Norman P. Mason "as he is Commissioner of Federal Housing Administration of Chelmsford." The writ in the District Court case (number 71,017) was dated August 9, 1955, and was returnable October 8, 1955.   Service was made by leaving a copy of the writ and a summons at the commissioner's last and usual place of abode in Chelmsford.   On or about September 29, 1955, a copy of the plaintiff's declaration was delivered to the United States Attorney for the District of Massachusetts, who on October 10, 1955, filed a petition for removal with the clerk of the United States District Court for the District of Massachusetts. The declaration is in five counts, all relating to a housing project in Manchester, New Hampshire.   Many allegations are scandalous in nature.   Each of the first four counts is expressly based on acts of the defendant or his predecessor or predecessors in office.

The plaintiff filed in the United States District Court a motion to remand, which was not acted upon.   That court, however, allowed the defendant's motion to dismiss on the ground that service of process was ineffective.   On January 6, 1956, there was entered an order of dismissal.   The judgment of dismissal was affirmed by the Court of Appeals for the First Circuit.   *Garden Homes, Inc.* v. *Mason,* 238 Fed. (2d) 651.   The grounds for dismissal were that the Federal Housing Administration was the real defendant in interest; that as an agency of the United States, under Federal decisions,[1] it was to be treated for the service of process as a Federal corporation and as a citizen of the Dis-

---

[1] *Seven Oaks, Inc.* v. *Federal Housing Administration,* 171 Fed. (2d) 947 (C. A. 4).   *Sarner* v. *Mason,* 128 Fed. Sup. 165 (U. S. D. C. N. J.); affirmed 228 Fed. (2d) 176 (C. A. 3).

trict of Columbia; and that under Massachusetts law service of process upon a corporation could not be made in the manner in which service had been made in the action brought in the District Court of Somerville (pages 653–654).

According to the allegations of this petition for a writ of certiorari, the petitioner here (the plaintiff there) thereafter filed a motion to default the defendant in the District Court of Somerville; a judge "refused to allow said motion" on the ground that the case after removal was no longer in that court; the judge refused to allow a report to the Appellate Division; and there is no other means of review. These are the rulings sought to be reviewed in the present petition. In the Superior Court a judge denied the petitioner's application for an order of notice. The case is here on the petitioner's appeal from that order.

In this Commonwealth it has not been the practice to order notice as a matter of course upon the filing of a petition for a writ of certiorari any more than upon the filing of a petition for a writ of mandamus. See *Snyder, petitioner,* 284 Mass. 367, 369; *Nichols* v. *Dacey,* 329 Mass. 598, 600. It is appropriate that such proceedings at the outset should be subjected to the examination of a judge who can observe whether there is presented a matter of substance proper for judicial consideration.

The judge rightly refused to issue an order of notice. The petition could be disposed of on the ground that there is no remedy by certiorari to review a ruling of a court where another remedy exists. *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 372. See G. L. (Ter. Ed.) c. 249, § 4, as amended; c. 213, § 1A, inserted by St. 1939, c. 257, § 1, as amended. If a report to the Appellate Division is refused, there is a procedure for establishing a draft report. G. L. (Ter. Ed.) c. 231, § 108, as amended. See *Haines Corp.* v. *Winthrop Square Cafe, Inc.* 335 Mass. 152.

We have been informed by counsel that there has been a report by the judge of the District Court of Somerville of the denial of another motion to default the defendant, an opinion of the Appellate Division dismissing the report,

and an appeal by the petitioner. That appeal has not yet reached us.

We turn to a more fundamental ground upon which the issue of an order of notice was properly refused. The petitioner is attempting to ignore the decision in this very case by the Court of Appeals, which held that "removal to the federal court was authorized . . . since it was a civil action against an 'officer of the United States or any agency thereof' for an 'act under color of such office.' 28 U. S. C. §§ 1442 (a) (1), 1446 (d)." That decision, unless reversed by the Supreme Court of the United States, is binding upon the parties and upon the courts of this and other States. *Chesapeake & Ohio Railway* v. *McCabe*, 213 U. S. 207, 219–222. *Ex parte Roe*, 234 U. S. 70. Under the express language of the removal statute now in effect, U. S. C. (1952 ed.) Title 28, § 1446 (e),[1] the State court loses all jurisdiction after compliance with that statute until there has been a remand. *Lowe* v. *Jacobs*, 243 Fed. (2d) 432, 433 (C. A. 5). *Allen* v. *Hatchett*, 91 Ga. App. 571. *Hopson* v. *North American Ins. Co.* 71 Idaho, 461. *State* v. *Boone Circuit Court*, 227 Ind. 327, 334. *State* v. *National Association for the Advancement of Colored People*, 90 So. (2d) 884 (La.). *Bean* v. *Clark*, 226 Miss. 892. *McCauley* v. *Consolidated Underwriters*, 301 S. W. (2d) 181 (Tex. Civ. App.). In the Idaho and Mississippi cases cited, the entry of defaults against defendants, such as the petitioner seeks, were vacated.

The cases of *Iowa Central Railway* v. *Bacon*, 236 U. S. 305, and *Metropolitan Casualty Ins. Co.* v. *Stevens*, 312 U. S. 563, relied upon by the petitioner, were under a provision of the removal statute, U. S. C. (1946 ed.) Title 28, § 72, as it stood before its amendment in 1948.

Other arguments of the petitioner questioning the removal do not merit discussion.

*Petition dismissed.*

---

[1] "Promptly after the filing of such petition and bond the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."