CITY OF PARMA, OHIO,
Plaintiff-Appellant,

v.

Edward Hirsch LEVI, Attorney General
of the United States,
Defendant-Appellee.

No. 75–2151.

United States Court of Appeals,
Sixth Circuit.

Argued April 9, 1975.

Decided June 11, 1976.

Rehearing Denied July 17, 1976.

Andrew Boyko, Sol., Robert R. Soltis, Sp. Counsel, Parma, Ohio, for plaintiff-appellant.

Michael L. Barrett, Frank E. Schwelb, Housing Section, Civ. Rights Div., Dept. of

Justice, Washington, D. C., for defendant-appellee.

Before WEICK and LIVELY, Circuit Judges, and CECIL, Senior Circuit Judge.

WEICK, Circuit Judge.

In this lawsuit a municipality, the City of Parma, seeks an injunction prohibiting enforcement by the Attorney General of the Fair Housing Act of 1968 against it. The City claims that it is entitled to the injunction because the statute does not apply to municipalities, and that if it does so apply it is unconstitutional. The complicating factor in this suit is that the Attorney General had previously commenced a pattern and practice of discrimination action in the name of the United States against the City of Parma in the District Court, *United States v. City of Parma,* No. C–73–439 (N.D.Ohio, filed April 27, 1973), in which action these same claims had been raised by Parma as a counterclaim. That counterclaim sought an injunction and a hearing before a three-Judge Court. The District Court dismissed the counterclaim, and this Court dismissed Parma's appeal of that ruling for lack of jurisdiction, holding that the dismissal of the counterclaim was not a final appealable order because the issues on the complaint and answer were still pending in that Court and were ripe for decision. *See* Rule 54(b) Fed.R.Civ.P.; *United States v. City of Parma,* No. 74–1643 (6th Cir. Sept. 26, 1974).

When this action came before the District Court the Court held that Parma was merely trying to relitigate the same issue that had already been determined against it in the counterclaim. Accordingly, the District Court dismissed the complaint. In this appeal we must decide whether a party may maintain an action upon a claim which has been raised as a compulsory counterclaim and dismissed in a pending action.

When the Attorney General commenced his first action against Parma, Parma's counterclaim alleged that the statute on its face did not apply to municipalities, and that if it did so apply it was unconstitutional; Parma requested that a three-Judge Court be convened to determine this issue. Because the convening of a three-Judge Court occurs only when a party seeks an injunction to restrain enforcement of an unconstitutional Act of Congress, Parma's counterclaim sought an injunction to prevent it from incurring the expense of litigating the Attorney General's action or any future actions under the Fair Housing Act of 1968. In dismissing the counterclaim the District Court held that the constitutional question was insubstantial and that a three-Judge panel was therefore unnecessary. The District Court also noted that the statutory interpretation issue was a defense rather than a counterclaim. This Court then held that the denial of the request to convene a three-Judge Court was not a final appealable order such that an appeal would lie from that ruling.

As a result of the District Court's ruling in dismissing the counterclaim Parma will be unable to avoid the expense of defending the Attorney General's first action, since that ruling cannot be appealed until final judgment is rendered. If the District Court had denied the injunction an appeal could have been proper under 28 U.S.C. § 1292(a). Since the District Court did not rule on the propriety of an injunction, but instead ruled that the constitutional claim was insubstantial, no appeal could be taken. Parma then filed the instant action, believing that the denial of a three-Judge Court would be appealable if this action were dismissed.

■ We cannot sanction the maintenance of this action. It would be useless to continue to recognize the rule that a denial of a three-Judge Court is non-appealable but to permit a party to obtain appellate review by filing an independent action alleging as grounds for convening a three-Judge Court the same grounds that were rejected in the original action.

We recognize that the dismissal of the counterclaim in the Attorney General's first action is not *res judicata* as to the parties until entry of final judgment; however, the dismissal of the counterclaim did become the Law of the Case in that action. Par-

ma's action, filed in the same Court, involved common questions of law and fact and therefore was subject to consolidation under Fed.R.Civ.P. 42(a). Consolidation of Parma's action with the pending action of the Attorney General would render dismissal proper under the Law of the Case. While it would have been better for the District Court formally to order the cases consolidated and then to explicitly dismiss Parma's claim under the Law of the Case, the District Court's opinion implicitly accomplishes the same purpose. The District Court held that since the claim in Parma's lawsuit contains the same allegations and seeks the same relief as contained in its counterclaim which was dismissed in the pending action, the same result should ensue; the District Court thus implicitly exercised its power to consolidate the cases by recognizing the nature of Parma's claim as identical to its prior counterclaim and by dismissing the former as already decided in dismissing the latter.

We also note that it is anomalous to bring a separate action asking the District Court to enjoin an action already being litigated in that same Court.

■ If Parma were being injured irreparably by the continuance of the Attorney General's action in the District Court and had sought an injunction prohibiting such action, the District Court's denial of such injunction would be an appealable interlocutory order under 28 U.S.C. § 1292(a)(1). The failure of the District Court to rule upon the request for an injunction is capable of being remedied, not by a separate action seeking the same injunction, but by seeking a writ of mandamus in the Court of Appeals requiring the District Court to grant or deny the injunction; an appeal could then be taken from the denial of the injunction.

■ In order to forestall undue prolongation of this litigation, it is appropriate to observe that in our judgment Parma's allegations in its complaint do not raise any claim which would entitle it to injunctive relief. A party seeking an injunction must show that irreparable injury will result if the injunction is not granted, for which no adequate legal remedy is available. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union,* 471 F.2d 872, 876 (6th Cir. 1972), *cert. denied,* 411 U.S. 967, 93 S.Ct. 2149, 36 L.Ed.2d 687 (1973).

■ The only injury alleged in the complaint is the expense of litigating the Government's action. The expense litigation, "even substantial and unrecoupable cost, does not constitute irreparable injury." *Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974). As the Court observed in *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 51–52, 58 S.Ct. 459, 464, 82 L.Ed. 638 (1938):

> Lawsuits . . . often prove to have been groundless; but no way has been discovered of relieving a defendant from the necessity of a trial to establish the fact.

Parma would have to incur the cost of showing that the statute is unconstitutional or that the statute does not apply to municipalities, regardless of whether the issue is litigated in this injunction proceeding or in defending the Attorney General's first action. The expense of litigation is no justification for allowing a party to seek an appeal of a District Court's interlocutory ruling through a separate injunction action raising the same claims as those rejected by the ruling.

It is in the interest of judicial economy and economy to both parties to enforce the rule that parties must litigate the issues of a case to judgment, even if erroneous pretrial rulings of the District Court resulted in a trial which could have been avoided by correct rulings. To hold otherwise would be to increase greatly the cost of litigation to the parties, as well as to the courts, since a losing party in a pretrial motion ruling could bring a separate injunction action to relitigate and then appeal the ruling.

Assuming arguendo that the District Court's ruling in the Attorney General's first action denying Parma's request for a

three-Judge Court was erroneous, the remedy available to Parma will be to appeal from the final judgment in the case, assuming also that Parma does not prevail in the final judgment of the District Court. That will also be the proper time for this Court to consider whether *Park View Heights Corp. v. City of Black Jack,* 467 F.2d 1208 (8th Cir. 1972), correctly interprets the reach of the Fair Housing Act of 1968 and is the law of the Circuit. *Cf. Joseph Skillken & Co. v. City of Toledo,* 528 F.2d 867 (6th Cir. 1975), *pending on certiorari* in the Supreme Court.

If *Park View Heights* does not correctly interpret the Act, the Attorney General's action can be dismissed without convening a three-Judge Court, since no constitutional question will arise. Thus the interest of economy in litigation would be served further by requiring all issues in a controversy to be presented for resolution in a single action, and by requiring appeals to be taken only from a final judgment rather than through collateral actions.

Affirmed.