[Civ. No. 53215. First Dist., Div. Four. June 9, 1982.]

ALLSTATE INSURANCE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
WESLEY WICKHAM, Real Party in Interest.

**COUNSEL**

Walcom & Harmon, Leo J. Walcom and John T. Harmon for Petitioner.

No appearance for Respondent.

Atherton & Dunn, William Gerald Dunn and Jack Friedenthal for Real Party in Interest.

**OPINION**

**RATTIGAN, J.**—Allstate Insurance Company, the petitioner in this original proceeding, is a defendant in an action which was commenced in respondent court under its number P 37639. Real party in interest

Wesley Wickham is the plaintiff in the action. Petitioner (hereinafter defendant) seeks an appropriate writ or writs (mandate and/or ... prohibition) requiring respondent court to vacate an order denying a motion to strike an amended complaint filed in the action; to vacate certain discovery orders; to grant the motion to strike; to desist from conducting further proceedings in the action; and to dismiss it. The principal question is whether the action survived in respondent court after (1) it had been removed to a federal court in diversity proceedings and (2) the federal court had dismissed it.

Real party in interest (plaintiff) is a resident of California. He commenced action No. P 37639 by filing a complaint in respondent court on March 24, 1980. The pleading was captioned "Complaint For Actual And Punitive Damages For Tortious Breach Of Insurance Contract." It named ōnly defendant and fictitious parties as the defendants in the action. In the prayer of the complaint, plaintiff sought to recover $25,000 in general damages and $200,000 in punitive damages.

Defendant is an Illinois corporation transacting the business of insurance in California. In proceedings conducted pursuant to federal law, it caused the action to be removed to the United States District Court for the Northern District of California (hereinafter federal court) on the ground of diversity of citizenship. (See 28 U.S.C.A. §§ 1332, 1441, 1446.)[1] When the action had been removed, it was designated action No. C80 1627 AJZ in the federal court.

Plaintiff subsequently filed an amended complaint in the federal court, naming a California resident as an additional defendant in action No. C80 1627 AJZ. He also moved the federal court for an order remanding the action to respondent court on the ground that "diversity jurisdiction" no longer existed in the federal court. The latter court dismissed the amended complaint, as to the additional defendant, and denied the motion.

---

[1] 28 United States Code Annotated, section 1332 provides in pertinent part: "(a) The district courts [of the United States] shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between —[¶] (1) citizens of different States ...." (See also U.S. Const., art. III, § 2.)

28 United States Code Annotated, section 1441 provides in pertinent part: "(a) ... [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending...."

28 United States Code Annotated, section 1446 is quoted in footnote 5, *post.*

Defendant then filed an answer in action No. C80 1627 AJZ. When it had been set for trial in the federal court, plaintiff moved "for an order dismissing the action without prejudice so that he could file *a new action* in a state court, naming additional nondiverse defendants."[2] (Italics added.) The federal court acted on the motion by filing an order in which it reviewed the history of the action and ordered it "dismissed without prejudice" on specified conditions.[3] The order was filed on April 14, 1981. On the same date, the federal court filed a judgment in which action No. C80 1627 AJZ was formally "dismissed without prejudice."[4]

On April 30, 1981, plaintiff filed in respondent court a "First Amended Complaint For Tortious Breach Of Insurance Contract (Compensatory And Punitive Damages)." The pleading was filed in respondent court's action No. P 37639 (i.e., in the action plaintiff had commenced in that court on Mar. 24, 1980). Defendant and five of its employees were named in the amended complaint as defendants in the action. Four of the employees were alleged to be residents of California.

Defendant moved respondent court for an order striking the amended complaint on the ground that the federal court's dismissal of the ac-

[2]The papers filed on this motion have not been reproduced in the record made in the present proceeding. Defendant alleges in its petition that plaintiff moved for dismissal "so that he could file a new action in a state court . . . ." (See also fn. 3, *post*.)

[3]The court stated in this order that "[p]laintiff now moves, pusuant to Federal Rule of Civil Procedure 41(a)(2)[,] for an Order dismissing the action without prejudice so that he may reinstitute his claims in the State court, naming certain additional, nondiverse defendants." The court's review of the action included a recital that "the depositions and other discovery taken in this case may be used in *any subsequent action* brought against defendant Allstate in the State court . . . ." (Italics added.) The conditions of dismissal were imposed pursuant to the rule cited. They were stated in the dispositive paragraphs of the order, which included these:
"IT IS ORDERED that this action is dismissed without prejudice.
"IT IS FURTHER ORDERED that within thirty days of the entry of this order plaintiff shall: (1) pay to defendant all taxable costs defendant shall have incurred to date in defense of this action; (2) pay to defendant one-half of the attorney's fees defendant shall have incurred . . . ; and (3) enter into an agreement with defendant that no further discovery shall be taken in *any subsequent suit* to substantiate plaintiff's claims against Allstate Insurance Company for tortious breach of insurance contract . . . ." (Italics added.)

[4]At or about the same time, the parties' attorneys executed and filed in action No. C80 1627 AJZ a document entitled "Agreement Of Counsel Pursuant To The Conditions Of Voluntary Dismissal Without Prejudice Of The Complaint Herein." Pursuant to a condition of dismissal imposed by the federal court (see fn. 3, *ante*), the parties therein agreed "that no further discovery shall be taken *in any subsequent suit* to substantiate plaintiff's claims against Allstate Insurance Company for tortious breach of insurance contract . . . ." (Italics added.)

tion, without remanding it to respondent court, had operated to terminate it and to require plaintiff to commence a new action if his claims were to be pursued. Plaintiff filed written opposition to the motion, asserting that the proposed requirement would cause problems because "the Statute of Limitations has run." The motion to strike was heard on May 12, 1981. Respondent court denied it from the bench, expressing agreement with a statement by plaintiff's counsel that "the state court action is merely suspended during the federal court action [*sic*]." A formal order denying the motion was filed on May 15, 1981. The court subsequently denied a motion by defendant for reconsideration of this order.

Plaintiff had meanwhile commenced discovery proceedings in action No. P 37639 by noticing the depositions of California residents who had been named as defendants in the amended complaint but who had not been served with it. Defendant thereupon moved the federal court for an order vacating its dismissal of the action on the ground that the proposed discovery violated the conditions of the dismissal by that court. (See fns. 2 and 3, *ante.*)

The motion was denied in an order made by the federal court on June 18, 1981. The court stated in this order that "plaintiff's attempt to depose two Allstate employees who have not been served and hence have not been formally made parties to the action is indeed in technical violation of the conditions of this court's order of dismissal," but that defendant was "not unduly prejudiced by this violation" and that "[i]t may seek a protective order in state court . . . ."

Plaintiff next moved respondent court for an order compelling two of defendant's resident employees to give their depositions. Defendant opposed the motion on the ground that the court was without jurisdiction to proceed and that the deposition proceedings were in violation of the conditions of the federal court's dismissal of the action. In an order made on June 23, 1981, respondent court granted the motion and ordered defendant's employees to appear for their depositions. Plaintiff subsequently noticed their depositions, and a motion for letters rogatory authorizing the deposition of other employees of defendant in the State of Illinois. Defendant thereupon commenced the present proceeding in this court.

■ Defendant contends in its petition that respondent court was without jurisdiction to proceed in the action because the federal court

had *dismissed* it without *remanding* it, and that the dismissal terminated it. Plaintiff argues that respondent court could "resume" jurisdiction after the federal court's dismissal because there is "no substantive difference between a remand to the state court and a voluntary dismissal without prejudice [by a federal court] for the purpose of allowing the state action to proceed."

Defendant's position is correct. One of the controlling federal statutes establishes that removal of a civil action from a state court to a federal court, on the ground of the defendant's diverse citizenship (see fn. 1, *ante*), operates as a literal "removal" of *the* action from the state court and terminates that court's jurisdiction to proceed in it at the time. (28 U.S.C.A. § 1446 (a), (d), (e).)[5] A companion federal statute makes it clear that proceedings in *the* action may thereupon be conducted in the federal court, which has exclusive jurisdiction after removal; that the federal court must "remand" *the* action to the state court of origin if federal jurisdiction is subsequently found wanting; and that the state court may resume its first-instance jurisdiction if—but only if—there is a "remand" of *the* action to it from the federal court. (28 U.S.C.A. § 1447 (a) and (c).)[6]

It is undisputed that there was no *remand* by the federal court in the present case, and that the action was *dismissed* by that court on plain-

---

[5]This statute provides in pertinent part: "1446. (a) A defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a ... statement of the facts which entitle him ... to removal . . . .

"

"(d) Each petition for removal of a civil action ... shall be accompanied by a bond ... conditioned that the defendant ... will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that *the case* was not removable or was improperly removed.

"(e) Promptly after the filing of such petition for the removal of a civil action and bond the defendant ... shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded*." (Italics added.)

[6]This statute provides in pertinent part: "1447. (a) In any *case* removed from a State court, the district court [of the United States] may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

"

"(c) If at any time before final judgment it appears that *the case* was removed improvidently and without jurisdiction, the district court shall *remand the case*, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. *The State court may thereupon proceed with such case*." (Italics added.)

tiff's motion. The dismissal was entered when the federal court had exclusive jurisdiction of the action. The fact that the dismissal was "without prejudice" permitted plaintiff to pursue his claims in another action, and this prospect was clearly portended throughout the proceedings in which he moved the federal court for dismissal. (See fns. 2, 3, and 4, *ante.*) The dismissal without prejudice nevertheless terminated *the* action, and placed him in a "legal position" as if he had never brought it. (*LeCompte* v. *Mr. Chip, Inc.* (5th Cir. 1976) 528 F.2d 601, 603.) There having been a dismissal without remand, there was no *action* in which respondent court could "resume" jurisdiction as plaintiff contends. That court consequently erred, and exceeded its jurisdiction, in permitting further proceedings in action No. P 37639 after the federal court had dismissed it as action No. C80 1627 AJZ. (Cf. *Styers* v. *Pico, Inc.* (1976) 236 Ga. 258 [223 S.E.2d 656, 657-658]; see also *Garden Homes* v. *District Court of Somerville* (1957) 336 Mass. 432 [146 N.E.2d 372, 373-374].)

Plaintiff cites a single California decision (*Dauenhauer* v. *Superior Court* (1957) 149 Cal.App.2d 22 [307 P.2d 724]) for the proposition that "[a] *state court action* still exists after removal and is merely held in 'abeyance' or 'suspended' while *the federal action* proceeds." (Italics ours.) His literal references to two actions (one in each court) reflect a misinterpretation of what happens when *an* action is removed from a state court to a federal court. *Dauenhauer* does not support the dual references; it is distinguishable because it involved a remand by a federal court, not a dismissal (149 Cal.App.2d at p. 24), and it established only that removal of *an* action from a state court places its jurisdiction in a "state of suspension" which may be terminated by a remand of *the* action from the federal court but not otherwise. (See *id.*, at p. 26.)

Defendant is entitled to a writ of mandate requiring respondent court to vacate its order denying the motion to strike the first amended complaint, and to grant the motion. (See Code Civ. Proc., §§ 1085, 1086; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 86, par. (d), pp. 3860-3861.) Defendant has also demonstrated its entitlement to relief by way of a writ of prohibition restraining respondent court from proceeding in *the* action in excess of its jurisdiction. (See Code Civ. Proc., §§ 1102, 1103; 5 Witkin, Cal. Procedure, *op. cit. supra*, Extraordinary Writs, §§ 39 [pp. 3813-3814], 54 [pp. 3829-3830].) A provision in a peremptory writ of mandate requiring dismissal of the action will serve this purpose. Dismissal by respondent court will amount to a pro forma repetition of the dismissal previously ordered by the federal

court, but it will dispose of the action for respondent court's purposes. It will also operate to vacate the challenged discovery orders, none of which has been performed. The requisite peremptory writ is ordered below.

Apparently anticipating the result we have reached, plaintiff in effect requests a determination by this court. that the statute of limitations was tolled, as to the fictitious defendants named in his original complaint, while the action was pending in the federal court. The statute of limitations has been identified as the source of the present controversy, but it has not been raised in either trial court; the record before us does not permit us to examine whether it has been tolled as suggested; and we do not reach that question.

A peremptory writ of mandate will issue, commanding respondent court to vacate its order denying the motion to strike the first amended complaint filed in action No. P 37639; to grant the motion; and to dismiss the action.

Caldecott, P. J., and Christian, J., concurred.