**ALLSTATE INSURANCE COMPANY, a foreign corporation, Plaintiff,**

v.

**Robert PRESTON and T. Rebecca Preston, his wife, Defendants.**

No. 92–1104.

United States District Court, S.D. Florida.

July 23, 1992.

Order on Plaintiff's Motion For Rehearing October 9, 1992.

---

Christopher Lynch, Angones, Hunter, McClure, Lynch & Williams, PA, Miami, FL, for plaintiff.

L. Daniel Ferrer, Miami, FL, R. David DeArmas, Rumberger, Kirk, Caldwell, Orlando, FL, for defendants.

### ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

ATKINS, Senior District Judge.

THIS CAUSE is before the court on plaintiff Allstate's Motion for Preliminary Injunc-

tion. Plaintiff requests that this court enjoin defendants from further litigation at the state court level in the Eleventh Judicial Circuit, Case No. 90–29279(10) in the case styled *Robert Preston and T. Rebecca Preston, his wife v. Allstate Insurance Company.* Defendants have filed a Motion to Dismiss Allstate's Verified Complaint for Preliminary and Permanent Injunction. After careful consideration of the motions, the supplemental briefing requested by the court and the relevant law, and after hearing oral argument on July 17, 1992, it is

**ORDERED AND ADJUDGED** that plaintiff's motion for injunctive relief is *DENIED* and defendants' motion to dismiss is *GRANTED* for the reasons discussed below.

### Background

On June 18, 1990, defendants Robert J. and T. Rebecca Preston filed the above-referenced state court action against plaintiff Allstate in Dade County Circuit Court. Subsequently, the case was removed to federal court after Allstate petitioned the United States District Court for the Southern District of Florida for removal based on diversity jurisdiction. *See* Case. No. 90–1771–CIV–ATKINS.

On September 11, 1990, the Prestons filed a motion for remand based on lack of diversity jurisdiction. The Preston's motion for remand and Allstate's motion to dismiss were referred to Magistrate Judge William C. Turnoff for resolution. In addition, an order setting scheduling conference was issued pursuant to Federal Rule of Civil Procedure 16(b), which required the parties to file a discovery report no later than November 9, 1990. After the Prestons failed to file the discovery report, the undersigned issued an Order of Dismissal without Prejudice in Case. No. 90–1771–CIV–ATKINS.

After the Order of Dismissal was entered, the Prestons filed a Motion for Leave to Amend their complaint in state court in the initial state case 90–29279. The state court

granted the motion on January 29, 1991. Allstate then moved to dismiss based on the earlier dismissal of the action in federal court. After the state court denied Allstate's motion, Allstate filed the present action seeking injunctive relief.

### Discussion

In order to prevail on their request for a preliminary injunction, plaintiff must show: (1) a substantial likelihood that they will ultimately prevail on the merits; (2) that it will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the plaintiff outweighs the damage the proposed injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. *Zardui–Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir.1985). *Cate v. Oldham,* 707 F.2d 1176, 1185 (11th Cir.1983).

Plaintiff Allstate contends that there is a substantial likelihood that it will prevail on the merits of its claim that defendants' continued litigation at the state court level of an action previously removed to federal court is improper pursuant to 28 U.S.C. § 1446. Allstate further argues that this court should enjoin the state court proceedings pursuant to 28 U.S.C. § 2283.

■ Section 1446(d) provides that, after an action has been removed to federal court, the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. § 1446(d).[1] Because the case was never remanded, Allstate's position that the state court is without jurisdiction to proceed in the action is correct. *See Allstate Ins. Co. v. Superior Court,* 132 Cal.App.3d 670, 674, 183 Cal.Rptr. 330, 332 (1982) (holding that state court could not resume its first-instance jurisdiction after removal—even though federal court had dismissed action without prejudice—because federal court had not remanded the action). Having concluded that further litigation of the action in state court is

1. Section 1446(d) provides as follows:
 Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and *the State court shall proceed no further unless and until the case is remanded.*
 28 U.S.C. § 1446(d) (emphasis added).

improper, the next inquiry is whether this court may enjoin the state court proceedings pursuant to one of the exceptions to the Anti–Injunction Act, 28 U.S.C. § 2283.

 Section 2283 provides only three narrow exceptions to the general rule that federal courts shall not enjoin proceedings in state courts. A federal court may enjoin state proceedings only "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti–Injunction Act is an "absolute prohibition against federal court enjoinment of state court proceedings, unless the injunction falls within one of the specifically defined exceptions." *National Railroad Passenger Corp. v. Florida,* 929 F.2d 1532, 1535 (11th Cir.1991). Because of the sensitive nature of federal interference with state court proceedings, the exceptions to the rule against injunctions must be narrowly construed. *See International Assoc. of Machinists & Aerospace Workers v. Nix,* 512 F.2d 125, 129 (5th Cir.1975).

 Plaintiff Allstate seeks injunctive relief based on the third exception, known as the "relitigation exception," arguing that this court should protect or effectuate the order of dismissal without prejudice entered in Case No. 90–1771–CIV–ATKINS. However, an essential prerequisite for applying section 2283's relitigation exception is that the federal court must actually have decided the claims or issues that the injunction would insulate from state proceedings. *See Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 148, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988) (citing *Atlantic Coast Line R. Co. v. Locomotive Engineers,* 398 U.S. 281, 290, 90 S.Ct. 1739, 1744, 26 L.Ed.2d 234 (1970)). A party seeking to invoke the relitigation exception must make a " 'strong and unequivocal showing' of relitigation of the same issue." *Bluefield Community Hosp. v. Anziulewicz,* 737 F.2d 405, 408 (4th Cir.1984) (quoting *Regional Properties v. Financial and Real Estate Consulting Co.,* 678 F.2d 552, 566 (5th Cir.

1982)); *Delta Air Lines, Inc. v. McCoy Restaurants, Inc.,* 708 F.2d 582, 586 (11th Cir. 1983).

Here, plaintiff has not made a sufficient showing of relitigation because Case No. 90–1771–CIV–ATKINS was dismissed prior to any hearing on the merits. The claims and issues that are the subject of the state court proceeding were not fully litigated in federal court nor were they actually decided. Thus, the order of dismissal entered in Case No. 90–1771–CIV–ATKINS is not a final judgment on the merits that warrants protection under section 2283. *Chick Kam Choo,* 486 U.S. at 149, 108 S.Ct. at 1691; *Bluefield,* 737 F.2d at 408. Consequently, plaintiff has not established a substantial likelihood that it will ultimately prevail on the merits.

### Conclusion

Further litigation in state court of an action that has been removed to federal court, but which the federal court has never remanded is improper. Nevertheless, this court is without authority to enjoin the state proceedings because the order of dismissal is not a judgment that is protected by the relitigation exception to the Anti–Injunction Act. Accordingly, plaintiff's motion for injunctive relief is *denied.*[2]

**DONE AND ORDERED.**

### ORDER ON PLAINTIFF'S MOTION FOR REHEARING

THIS CAUSE is before the court on plaintiff Allstate's Motion for Rehearing of this court's order denying plaintiff's request to enjoin defendants from further litigation in the Eleventh Judicial Circuit, Case No. 90–29279(10) in the case styled *Robert Preston and T. Rebecca Preston, his wife v. Allstate Insurance Company.* For the reasons discussed below, it is

**ORDERED AND ADJUDGED** that plaintiff's motion for rehearing is *DENIED.*

---

**2.** By this ruling, the court does not impliedly place its imprimatur on counsel's failure to (1) request reconsideration of the order of dismissal; (2) file an appeal from such order; or (3) simply refile the action in state court. Any of these actions would have tolled the statute of limitations which expired in August 1991, nine months after the dismissal.

■ In the Order Denying Motion for Injunctive Relief, the court concluded that the order of dismissal entered in Case No. 90–1771–CIV–ATKINS was not a final judgment on the merits that warranted protection under the relitigation exception to the Anti–Injunction Act, 28 U.S.C. § 2283.[1] Accordingly, the court denied plaintiff's motion to enjoin the above-referenced state court proceeding. Plaintiff now contends that even if the order of dismissal is not protected by the relitigation exception, injunctive relief is appropriately based on the two additional exceptions to the Anti–Injunction Act, which permit a federal court to enjoin state court proceedings as "expressly authorized by Act of Congress" or as "necessary in aid of jurisdiction." See 28 U.S.C. § 2283.

■ Title 28 U.S.C. § 1446(d) provides that upon removal to federal court, "the State court shall proceed no further unless and until the case is remanded." Courts have construed this prohibition as an express congressional authorization to enjoin or stay the state court proceedings. See, e.g., Mitchum v. Foster, 407 U.S. 225, 234–37, 92 S.Ct. 2151, 2157, 32 L.Ed.2d 705 (1972); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir.1988); Frith v. Blazon–Flexible Flyer, Inc., 512 F.2d 899, 901 (5th Cir.1975); 17 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4224, at 521;. This court has found no case in which a federal court has enjoined a state court proceeding based on the "expressly authorized" exception after the federal action has been dismissed, as it has been in the present case. Nevertheless, based on the authorities cited above, it appears that the removal statute provides an express authorization for this court to enjoin the state court proceedings.[2]

Having concluded that the "expressly authorized" exception to the Anti–Injunction Act applies, and therefore that plaintiff has shown a likelihood of prevailing on the merits of its claim, we must still consider whether plaintiff has established the remaining criteria for obtaining injunctive relief. See, e.g., Snook v. Trust Co. of Georgia Bank, N.A., 909 F.2d 480, 483 (11th Cir.1990); Zardui–Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir.1985). Specifically, plaintiff must establish that it will suffer irreparable injury without an injunction, that the threatened injury to plaintiff outweighs any harm that might result to defendants and that the public interest will not be disserved by an injunction. Id. This is so particularly when a federal court is asked to enjoin state court proceedings because

[i]n addition to principles of federalism section 2283 was founded on traditional concepts of equity, and requests for injunctions against state court proceedings must be decided by reference to "the traditional equitable tests of threatened irreparable harm for which the petitioner has no adequate remedy at law."

Ultracashmere House Ltd. v. Meyer, 664 F.2d 1176, 1181 (11th Cir.1981) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 482 F.Supp. 788, 792 (D.Fla.1980), reversed and remanded on other grounds, 637 F.2d 391 (5th Cir.1981)).

In the present case, the only irreparable injury plaintiff has alleged is the litigation costs it will incur in defending the state court action. However, one court from this district recently recognized that "[s]ubstantial litigation costs which cannot be recouped are not irreparable injuries." Claughton v. Donner,

---

1. The procedural history of the instant case is set forth in the Order Denying Injunctive Relief, filed July 23, 1992.

2. Defendants have contended that the removal to federal court was procedurally defective because plaintiff never filed a copy of the removal petition in state court as required by section 1446. However, once a state court has actual or constructive notice of the petition for removal, as it does in the present case, it may no longer proceed. See Medrano v. Texas, 580 F.2d 803, 804 (5th Cir.1978) (holding that state court's constructive notice of petition of removal is suffi-

cient to deprive it of jurisdiction, making further proceedings void, despite defendant's failure to file copy of removal petition in state court); Adair Pipeline Co. v. Pipeliners Local Union, 325 F.2d 206 (5th Cir.1963) (holding that when state judge receives copy of petition for removal in open court, he is on notice that case has been removed, and he may not proceed even though defendant failed to file petition with clerk of state court). Thus, defendants' contention that further state court proceedings are proper because the removal of this case was procedurally flawed must fail.

771 F.Supp. 1200, 1204 (S.D.Fla.1991) (citing *Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Parma v. Levi*, 536 F.2d 133, 135 (6th Cir.1976)). Similarly, plaintiff's alleged harm—which is in terms of money and time expended in the absence of an injunction—does not constitute irreparable injury.[3]

Thus, because plaintiff has not satisfied the requirements for injunctive relief, this court stands by its earlier conclusion that injunction of the state court proceedings would be improper. Accordingly, plaintiff's motion for rehearing is *denied*.

DONE AND ORDERED.

---

**3.** Having concluded that plaintiff has not shown that it will be irreparably harmed, the court does not reach the question of the balance of harms between plaintiff and defendants or whether the public interest would be disserved by an injunction.