Filed 3/25/26  Deen v. Kreditor CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ISHA DEEN et al., Plaintiffs and Appellants, v. EOIN KREDITOR, et al., Defendants and Respondents. | G064426 (Super. Ct. No. 30-2018-01022313) O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Theodore Howard, Judge. Reversed.

Zarmi Law, and David Zarmi, for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Raymond Kenneth Wilson, Jr., Brian Slome and Megan E. McDonald for Defendants and Respondents.

The parties are before this court a second time. In the prior appeal, a panel of this court affirmed a judgment dismissing without prejudice a malpractice action brought by appellants Isha Deen and Kevin Khwaja against respondents Eoin Kreditor, Esq., and the law firm of Fitzgerald Yap Kreditor (FYK) (collectively, Kreditor). (See *Deen v. Kreditor* (Aug. 11, 2022, G059670) [nonpub. opn.].) The prior opinion noted the action purportedly had been removed to federal bankruptcy court. Kreditor had argued the removal was a legal nullity and therefore the superior court had jurisdiction to dismiss. Deen had argued the removal was proper and therefore the superior court lacked jurisdiction to enter a dismissal order. The prior opinion noted Deen had conceded the bankruptcy court had dismissed the action. It concluded there was no reversible error because under either the theory of Deen or Kreditor, the action was dismissed without prejudice. Kreditor was awarded appellate costs.

After the remittitur was issued, Kreditor filed a form request for appellate costs. Deen filed a motion to tax appellate costs. Therein, she argued there was no proof Kreditor paid certain costs and argued other costs were inflated, noting Kreditor did not submit any receipts even when requested. The superior court denied the motion, essentially concluding Deen's objections did not require Kreditor to submit documentation.

Meanwhile, Khwaja had obtained from the bankruptcy court a notice of remand, which stated the malpractice action had been remanded to superior court. Khwaja then served the original complaint and summons on Kreditor. Kreditor moved to quash service on the ground the malpractice action had been dismissed and the dismissal affirmed. The superior court agreed and granted the motion to quash.

2

Appellants appeal from the order denying their motion to tax appellate costs and granting Kreditor's motion to quash service. As discussed below, we conclude Deen's objections in the motion to tax appellate cost were sufficient to require Kreditor to submit documentation such as receipts. With respect to the motion to quash service, we conclude the superior court erred in granting the motion because Kreditor has not shown the prior dismissal is still valid or that the removal to the bankruptcy court was a legal nullity. Accordingly, we reverse.

STATEMENT OF THE CASE[1]

On September 2018, appellants, who are former clients of FYK filed a form complaint against Kreditor for malpractice in Orange County superior court. Appellants, who were proceeding in propia persona, did not serve the complaint on Kreditor.

On September 28, 2019, Deen, with the assistance of bankruptcy counsel Deepalie Joshi, filed a voluntary petition for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of California

---

[1] We take judicial notice of the pleadings and documents filed in *Deen*, *supra*, G059670. We also take judicial notice of the relevant documents filed in the bankruptcy court. Although we take judicial notice of the documents, we do not accept as true any disputable facts set forth in the documents. (See, e.g., *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1090 ["Courts can take judicial notice of the existence, content and authenticity of public records and other specified documents, but do not take judicial notice of the truth of the factual matters asserted in those documents"]; *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 113 ["Although the *existence* of a document may be judicially noticeable, the truth of statements contained in the document and its proper interpretation are not subject to judicial notice if those matters are reasonably disputable"].)

3

("Chapter 13 case"). On October 21, Joshi filed a notice of stay of proceedings in the instant malpractice action in superior court, referencing the automatic stay provisions of 11 United States Code section 362. The superior court initially stayed the action, but ultimately lifted the stay. Concurrently, it issued an order to show cause requiring appellants to show cause for why the matter should not be dismissed for failure to prosecute (Dismissal OSC).

On December 26, 2019, Joshi filed paperwork in the bankruptcy court to remove the instant malpractice action to the bankruptcy court. On January 31, 2020, the original complaint in the removed action, now an adversary proceeding in bankruptcy court, was served on Kreditor. On March 2, Joshi attempted to file a notice of removal to the bankruptcy court in the superior court, but the superior court clerk rejected the filing. On March 16, appellants successfully filed the notice of removal, which was signed by Joshi, in the superior court. On March 24, Joshi filed an emergency motion in bankruptcy court seeking to withdraw as Deen's bankruptcy counsel. In the motion, Joshi stated that "without notifying counsel or obtaining counsel's permission, [Deen] and [Khwaja] filed pleadings with the Orange County Superior Court under counsel's name using their own OneLegal online court filing account. . . . When counsel was informed by opposing counsel of the filing in Orange County Superior Court, counsel addressed the issue with [Deen], and ultimately decided to file [the emergency motion to withdraw]." The bankruptcy court granted Joshi's motion to be relieved as counsel the same day.

On April 6, Deen moved to dismiss her Chapter 13 case. The bankruptcy court granted the motion on April 9.

Thereafter, on April 12, 2020, the bankruptcy court notified Deen and Kreditor that since the Chapter 13 case had been dismissed on April 9,

"[p]ursuant to Local Bankruptcy Rule 7041-2(a), this adversary proceeding [the instant malpractice action] will likewise be closed unless a party files a motion seeking continuation of the adversary proceedings within seven (7) days of the entry of this notice." On May 18, the adversary proceeding was closed.

On September 11, in a minute order on the Dismissal OSC, the superior court dismissed the malpractice action for failure to prosecute because "the defendants have never been served." Appellants objected, arguing the superior court lacked jurisdiction to dismiss the action due to its removal to bankruptcy court. On November 3, judgment of dismissal was entered against appellants and in favor of Kreditor. The judgment did not discuss removal or lack of jurisdiction. Deen appealed.

On August 11, 2022, a panel of this court affirmed the judgment of dismissal, finding no reversible error. The opinion summarized the parties' arguments concerning removal as follows. Kreditor argued the removal never occurred because the "first notice of removal was not filed [with the superior court] and [the] second notice of removal as a fraudulent and unauthorized filing that prompted her bankruptcy counsel to withdraw from representing her. Consequently, in Kreditor's view, the trial court never lost jurisdiction to the bankruptcy court by way of removal." (*Deen*, *supra*, G059670, fn. omitted.)[2] In contrast, Deen argued that as stated in *Allstate Insurance v. Superior Court* (1982) 132 Cal.App.3d 670, 676 (*Allstate*), because the removed case was dismissed without remand to the superior court, the

_____

[2] In a footnote, the panel addressed Deen's argument that the only remedy for an improperly removed case is a motion for remand in the federal court. It noted Kreditor's argument is not that the case was improperly removed, but that it was not removed at all.

5

superior court never "'resume[d]'" jurisdiction and thus had no authority to dismiss it. "Deen's argument is really that the trial court could not dismiss the [malpractice action] in September 2020 because [the malpractice action] had already effectively been dismissed." (*Deen, supra,* G059670.)

The prior opinion concluded that "both sides agree[d] dismissal was the proper outcome. Kreditor contends it was proper because the trial court never lost jurisdiction and ordered the case dismissed; Deen contends it was proper because the bankruptcy court took jurisdiction and then dismissed both the bankruptcy case and the related adversary proceeding without a remand. Because the result—a dismissal without prejudice—was correct under either theory, we need not decide which is right. Whether the trial court's order is construed as effectuating a dismissal that had not yet occurred, or as acknowledging a dismissal that had already occurred, the result was correct."[3] (*Deen, supra,* G059670.) Kreditor was awarded appellate costs.

The remittitur issued on October 27, 2022. On November 14, Kreditor filed a motion for appellate costs seeking a total of $1,184.65, for filing fees ($780), preparation of original and copies of the clerk's transcript or appendix ($244), printing and copying of briefs ($66.75), and transmitting, filing and serving record, briefs, and other documents ($93.30). On November 28, 2022, Deen moved to tax the appellate costs. Deen argued she paid the filing fees and transcript preparation costs, not respondents. Deen noted

---

[3] We note Deen filed a petition for rehearing, which argued the opinion misstated that the "parties agreed dismissal was the proper outcome," and noted the Bankruptcy Appellate Panel of the Ninth Circuit had clarified the malpractice action had been administratively closed, not dismissed.

6

respondents provided no receipts to substantiate any of the costs when requested. Alternatively, Deen argued the requested amounts for printing and serving the briefs should be reduced since the costs were "[e]xaggerated" and "unsupported" because the respondents' brief was e-filed and e-served. Kreditor opposed the motion, arguing that Deen's objections were conclusory and not supported by any evidence. Kreditor did not submit any receipts. In reply, Deen attached copies of her receipts for the filing fees and transcripts fees. She reiterated that "no substantiation or reasonable itemization has been provided to [Deen] or the Court to support [Kreditor]'s claim (inherent in filing the Memorandum of Costs)" that Kreditor actually paid the requested costs.

While the ruling on Deen's motion to tax appellate costs was pending in superior court, on November 28, Khwaja applied in bankruptcy court for a notice of remand of the malpractice action to the superior court. On November 29, the bankruptcy court clerk notified Deen and Kreditor the malpractice action had been remanded to the superior court. Thereafter, on February 20, 2024, Khwaja served the original complaint and summons on Kreditor.

On February 29, 2024, Kreditor moved to quash service of the complaint and summons on the ground the instant action had been dismissed by the superior court and the dismissal affirmed by this Court. Appellants opposed the motion to quash, arguing the motion should be denied because the dismissal order was void since the malpractice action had been removed to bankruptcy court. In reply, Kreditor argued the remand order was issued in error, noting a Notice of Deficiency filed by the bankruptcy court on April 9, 2020.

7

In response, Khwaja obtained a comfort order from the bankruptcy court. In the comfort order, the bankruptcy court stated: "This court never decided whether Plaintiffs properly removed the underlying case. And it has not ruled on whether the parties agreed to dismissal of the federal proceeding during their state court litigation—the court only speaks to its own docket. Removed proceedings are commonly remanded when the main bankruptcy case is dismissed. And on November 29, 2023, this court remanded the case at hand to the Orange County Superior Court, and remand was effective as of that date. [Citation.] Accordingly, [this court] no longer has the case or jurisdiction over the parties." (Fn. omitted.)

On May 16, 2024, the superior court denied Deen's motion to tax appellate costs. The court concluded Kreditor presented a prima facie case showing the requested costs were reasonable and incurred by submitting a memorandum of cost signed under penalty of perjury. It also concluded that Deen failed to meet her burden of proof to show the costs were not reasonable or necessary. It explained: "Deen's declaration does not discuss any reason or evidence as to why the costs are unreasonable or unnecessary. Further, in looking at the motion, the statements made are conclusions without reference to evidence."

The superior court also decided Kreditor's motion to quash at the same hearing. It granted Kreditor's motion to quash for lack of jurisdiction. The superior court concluded it lacked subject-matter or personal jurisdiction because the malpractice action had been dismissed without prejudice, and this court had affirmed the dismissal.

8

DISCUSSION

Appellants challenge the superior court's order (1) denying Deen's motion to tax appellate costs, and (2) granting Kreditor's motion to quash service of the complaint and summons. We address each ruling in turn.

I

MOTION TO TAX APPELLATE COSTS

California Rules of Court, rule 8.278, subdivision (a)(1) provides in relevant part that "the party prevailing in the Court of Appeal in a civil case other than a juvenile case is entitled to costs on appeal." As relevant to this appeal, rule 8.278, subdivision (d)(1) provides "[a] party may recover only the following costs, if reasonable: [¶] (A) Filing fees; [¶] (B) The amount the party paid for any portion of the record, whether an original or a copy or both. [¶] . . . [¶] (D) The costs to notarize, serve, mail, and file the record, briefs, and other papers; [and] [¶] (E) The cost to print and reproduce any brief, including any petition for rehearing or review, answer, or reply."

Here, Kreditor filed a memorandum of costs requesting costs for the four categories listed above. Deen moved to strike or tax appellate costs, objecting that the costs were not substantiated. The superior court denied the motion without requiring Kreditor to submit substantiating documentation. Essentially, it concluded Deen failed to meet her burden to rebut Kreditor's claim, which was impliedly asserted in a memorandum of costs filed under penalty of perjury, that Kreditor had incurred the costs. We conclude the superior court erred in denying the motion to tax costs without requiring Kreditor to submit documentation such as receipts.

Deen's objection that Kreditor failed to substantiate the claimed costs sufficiently shifted the burden to Kreditor to submit additional documentation. *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238 (*Alan*

9

*S*.) is instructive. There, the husband (Alan) was awarded appellate cost in a family law matter. The wife (Mary) filed a motion to strike or tax appellate costs, objecting to each of the claimed costs. A panel of this court affirmed the superior court's award of appellate costs because the husband had submitted responsive documentation. The panel explained: "The *sole* basis for each of the objections . . . was lack of documentation." [¶] "The issue of lack of documentation for appellate costs, however, was dealt with in *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, where the court said that documentation is not necessary to submission of a memorandum of costs on appeal: 'There was no requirement that copies of bills, invoices, statements or any other such documents be attached to the memorandum as the Bachs have erroneously suggested. To the contrary, a properly verified memorandum of costs is considered prima facie evidence that the costs listed in the memorandum were necessarily incurred. [Citation.] Documentation must be submitted only when a party dissatisfied with the costs claimed in the memorandum challenges them by filing a motion to tax costs.' [Citation.] [¶] Thus, under *Bach*, Mary properly challenged the veracity of Alan's memorandum of appellate costs, *but nothing else*. And Alan met that challenge with subsequent documentation." (*Alan S*., *supra*, 172 Cal.App.4th at pp. 260–261.)

Here, Deen objected there was a lack of substantiation that Kreditor actually incurred the claimed costs. Under *Alan S*., this objection was sufficient to overcome the prima facie evidence (Kreditor's memorandum of costs) and trigger the requirement that Kreditor submit documentation the

10

claimed costs were actually incurred.[4] The superior court thus erred in concluding Deen's objection failed to rebut Kreditor's prima facie case.

Kreditor contends Deen has not shown the superior court abused its discretion in denying her motion to tax appellate costs because she failed to submit the reporter's transcripts of the hearing wherein the court denied the motion. We disagree there is an inadequate record for appellate review. This case concerns whether an objection rebuts a prima facie case and shifts the burden of proof. The superior court provided its reasoning for denying the motion to tax appellate costs in its written order. That reasoning is contrary to the holding in *Alan S.* No additional evidence is necessary for us to conclude the court's reasoning was erroneous. There is an adequate record for reversal.

## II

### MOTION TO QUASH SERVICE

The superior court granted Kreditor's motion to quash service of the original complaint and summons in the malpractice action because it had dismissed the malpractice action and this court had affirmed. (See *Estate of Garrett* (2008) 159 Cal.App.4th 831, 838 [dismissal deprives the court of subject matter and personal jurisdiction over the parties]). Because the judgment of dismissal was affirmed and the petition for review denied, the judgment of dismissal is a final judgment. "A litigant may collaterally attack a final judgment for lack of personal or subject matter jurisdiction, or for

---

[4] In reviewing the judicially-noticed documents filed in the prior appeal, we observe our records reflect only a single payment of $390 for a responsive filing fee by Eoin Kreditor and no payment by FYK. However, as noted, in taking judicial notice, we do not judicially notice any disputable facts. In other words, it is possible our records are erroneous or there is some other explanation for why Kreditor is claiming $780 in filing fees.

11

granting relief that the court had no power to grant, but may not collaterally attack a final judgment for nonjurisdictional errors." (*Estate of Buck* (1994) 29 Cal.App.4th 1846, 1854.) Here, appellants attacked the final judgment of dismissal by contending the superior court lacked jurisdiction to issue the dismissal judgment because the malpractice action had been removed to bankruptcy court. It is well-established that "when an action is removed from state court to federal court, the state court loses jurisdiction to proceed further with the matter. As the Ninth Circuit has explained, '[t]he removal of an action to federal court necessarily divests state and local courts of their jurisdiction over a particular dispute.'" (*In re M.M.* (2007) 154 Cal.App.4th 897, 912.)

Kreditor contends the malpractice action was not removed. According to Kreditor, due to procedural irregularities the purported removal was ineffective and a legal nullity. We disagree.

As an initial matter, we note that no court has determined whether the removal was improper or a legal nullity. Thus, there is no finding or ruling that is binding on us. For the same reason, the failure to include the reporter's transcript of the hearing on the motion to quash service does not create an inadequate record for our consideration of the legal effect of the purported removal.

"[T]he removal of claims or causes of action related to bankruptcy cases is now governed substantively by 28 [U.S.C.] § 1452(a) and procedurally by [Federal Rules of Bankruptcy Procedure, Rule] 9027 [(Rule 9027)]." (*In re Boyer* (Bankr. N.D.N.Y. 1988) 108 B.R. 19, 24.) To remove a civil action to bankruptcy court, Rule 9027 provides that a notice of removal must be filed in the bankruptcy court for the district and division where the civil action is pending. This notice must be signed pursuant to Rule 9011 of the Federal

Rules of Bankruptcy Procedure. It must be accompanied by a copy of all process and pleadings. (Rule 9027(a)(1).) After filing the notice of removal in bankruptcy court, the party filing the notice of removal must serve a copy of it on all parties and file a copy with the non-bankruptcy court from which the action as removed. (Rule 9027(b).) Upon the filing of the copy of the notice of removal, the parties shall proceed no further in the non-bankruptcy court unless and until the action is remanded. (Rule 9027(b).)

Kreditor challenged the removal on several procedural grounds. First, Kreditor argues the malpractice action was not removed on December 26, 2019, because the December 26, 2019 notice of removal was filed in bankruptcy court only. We agree because the superior court is divested of jurisdiction only upon the filing of the notice of removal in superior court.

The December 26, 2019 notice of removal, however, was filed in superior court on March 16, 2020. Kreditor argues the March 16, 2020 notice was required to be filed in bankruptcy court. We disagree. The December 26, 2019 notice was filed in bankruptcy court. The March 16, 2020 notice explicitly references the December 26, 2019 notice of removal and attaches a copy of that notice as required. Therefore, the notice of removal was properly filed in both the bankruptcy court and the superior court.

Next, Kreditor argues the notice of removal was not signed pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, which requires it to be signed by the "attorney of record." But the December 2019 notice was signed by Joshi, who was the attorney of record in the bankruptcy matter because she had not been relieved at the time.

Kreditor also argues the notice of removal was defective because it did not attach any summons. Rule 9027, however, only requires the notice of removal be accompanied by "a copy of all process and pleadings." Given

13

that Kreditor was never served the original complaint or summons at the time, we conclude the summons need not be attached.[5]

Next, Kreditor argues that because Joshi did not authorize the March 16, 2020 filing in the superior court, appellants "impersonated" Joshi and "engaged in the unauthorized practice of law" when they filed the notice of removal. We disagree. As an initial matter there is no admissible evidence that Joshi did not authorize the March 16, 2020 filing. The only evidence is Joshi's withdrawal motion which was filed in bankruptcy court. Although the withdrawal motion is judicially noticeable, the factual assertion that the March 16, 2020 filing was unauthorized is disputable and not subject to judicial notice.[6] Additionally, appellants did not engage in the unauthorized practice of law when they filed the notice of removal. They were self-represented in the superior court action, and thus any "practice of law" was authorized.[7]

Finally, Kreditor claims there is no evidence the notice of removal was served on interested parties, such as Kreditor. While the December 2019

---

[5] Even if the notice of removal failed to attach all of the required "process and pleadings," any procedural defect did not render removal ineffective. (See, e.g., *In re Klober* (Bankr. E.D.Ark. 1992) 142 B.R. 300, 301 ["It is apparent . . . the debtor failed to submit to the Court all of the pleadings filed in state court. This failure is not fatal to the removal, however"].)

[6] We note that in the withdrawal motion Joshi does not dispute she signed the March 2020 notice of removal, and she explicitly alleges appellants used *their own* OneLegal account for the filing.

[7] We note that appellants' filing assisted Joshi because removal is effective only upon the filing of the notice of removal in superior court. Joshi's filing of the December 26, 2019 notice of removal in bankruptcy court only was insufficient to effectuate removal.

14

notice of removal referenced Kreditor, there is no documentation affirming the notice actually was served on Kreditor. We conclude any defective service did not render the removal a legal nullity. Rule 9027 expressly provides that the notice of removal must be served on all interested parties and filed with the superior court, but that the removal is effective only upon the filing with the superior court. Thus, defective service does not render a purported removal ineffective.

Our conclusion that defective service is not fatal to removal is further supported by Rule 9027. Therein, the rule provides that supported by a defendant who has not been served with process may be served after removal, which occurred in this case on January 31, 2020, six weeks before the notice of removal was filed in superior court. Such a defendant, however, may move for remand in the bankruptcy court, which did not occur here. Thus, defective service is a basis for remand, but does not render the removal itself ineffective. Because the removal was effective even if improper, the superior court lacked jurisdiction until the action is remanded by the bankruptcy court. (See *ClipperJet Inc. v. Tyson* (2019) 38 Cal.App.5th 521, 526 ["As a general rule, 'state court action [pending removal] is void, even if the removal is ultimately held improper'"].)

Kreditor argues that even if removal was effective, once the bankruptcy court dismissed the Chapter 13 case, the superior court had jurisdiction to dismiss the malpractice action. Kreditor does not cite any legal authority that supports this argument. Kreditor cites *Allstate Ins. Co. v. Preston* (S.D. Fla. 1992) 842 F.Supp. 1441, but that case expressly states, "Because the case was never remanded . . . the state court is without jurisdiction to proceed in the action." (*Id.* at p. 1443.) Thus, remand is required before the jurisdiction is re-vested in the superior court.

15

Additionally, while the bankruptcy court granted dismissal of the Chapter 13 case, it did not dismiss the adversary proceeding–the instant malpractice action. The adversary proceeding was administratively closed. "An order administratively closing a case is a docket management tool that has no jurisdictional effect." (*Dees v. Billy* (9th Cir. 2005) 394 F.3d 1290, 1293–1294 [rejecting argument that an order administratively closing a case is "the equivalent of a dismissal"].) Nor is dismissal of a removed action in superior court merely a ministerial act when the removed action itself has not been dismissed by the federal court.

Finally, Kreditor argues that under the doctrine of unclean hands, appellants cannot challenge the superior court's jurisdiction now by seeking a notice of remand from the bankruptcy court because they agreed that dismissal was proper in the prior appeal. We disagree. As an initial matter, we note that in her petition for rehearing, Deen challenged the factual assertion in the prior opinion that she agreed dismissal was appropriate. Additionally, the prior opinion stated Deen agreed dismissal was proper, but it was Khwaja who sought the "Notice of Remand." Finally, it is not unfair or inequitable for a litigant to correct mistakes of fact about dismissal and to obtain an order from the bankruptcy court confirming it had jurisdiction via removal. In sum, appellants have shown the superior court lacked jurisdiction to dismiss the malpractice action in 2020, and this court cannot affirm a void dismissal order. Accordingly, the superior court erred in granting Kreditor's motion to quash service based on the prior dismissal.

DISPOSITION

The order denying Deen's motion to tax appellate costs and granting Kreditor's motion of quash service is reversed in its entirety. Appellants are entitled to their costs on appeal.


DELANEY, J.


WE CONCUR:


SANCHEZ, ACTING P. J.


BANCROFT, J. *


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

17