Filed 1/23/26  Somadhi v. City of Los Angeles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEVINDRA SOMADHI, | B339445 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC647971) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Mansfield Collins for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Denise C. Mills, Chief Deputy City Attorney, Kathleen A. Kenealy and Shaun Dabby Jacobs, Assistant City Attorneys for Defendant and Respondent.

_____

The trial court dismissed Devindra Somadhi's action after he and his counsel failed to appear for the second day of jury trial. Six months later, his counsel filed a motion to vacate the dismissal based on excusable neglect, which he scheduled to be heard two years later. The trial court found counsel's supporting declaration to lack credibility and denied the motion. This was well within the court's discretion, so we affirm.

## BACKGROUND

In February 2017, appellant filed an action against the City of Los Angeles (City) for wrongful termination.

In June 2017, a jury trial was scheduled for December 3, 2018.

In March 2018, appellant's counsel was relieved as counsel, and appellant retained new counsel.

In August 2018, the trial court granted the City's motion for summary adjudication as to part of appellant's claim.

In October 2018, appellant's second attorney filed a motion to be relieved as counsel, which was granted.

Appellant filed an ex parte application to continue the jury trial that was scheduled to begin on December 3, 2018, which the trial court denied.

On December 3, 2018, counsel for the City appeared for the jury trial, but appellant handed him a notice of removal to federal court. The trial court stayed the case and scheduled a status conference for March 4, 2019.

On March 4, 2019, appellant filed a statement to disqualify the trial court judge for cause.

On March 13, 2019, the trial court ordered appellant's statement stricken because it contained no legal grounds for disqualification. Counsel for the City told the court that the federal court had remanded the matter, but he later filed a declaration to correct himself: The federal court had not remanded the action but had *dismissed* it because

2

appellant had improperly removed the action.[1]

In June 2019, having been informed that the action was dismissed in federal court, the trial court "reinstate[d] the proceedings" and set the matter for trial on July 20, 2020.

Due to the COVID-19 pandemic, the trial date was rescheduled for July 2021. The trial court continued the trial date twice more due to its own conflicts.

In August 2021, appellant's counsel filed an ex parte application for another trial continuance, which the trial court denied because the application did not meet procedural requirements. The court nonetheless granted a continuance from August 24, 2021, to October 4, 2021, and then to October 7, 2021, on its own motion.

On October 7, 2021, appellant's counsel sought and was granted another trial continuance, this time to October 25, 2021.

On October 22, 2021, appellant's counsel sought and was granted yet another continuance, to November 1, 2021.

On October 29, 2021, appellant's counsel sought and received a continuance to January 3, 2022.

On December 30, 2021, the trial court convened the trial readiness conference, at which the court deemed the parties "ready for trial" and ordered a panel of prospective jurors to appear for voir dire on January 3, 2022. The trial court allowed appellant and his counsel to attend the trial remotely because of appellant's unvaccinated status.

On January 3, 2022, voir dire began and was set to continue the next day.

On January 4, 2022, the prospective jurors appeared in court. Appellant and his counsel did not show up. The trial court noted that it had received no late calls and no sign-ups on LA Court Connect on behalf of appellant or his counsel. It then dismissed the action and released the jury.

---

[1] There was some confusion due to the federal court's mistake in docketing an order of remand for another case, which it then corrected via a notice of clerical error.

Six months later, on July 5, 2022, appellant filed a motion to set aside and vacate the dismissal under the "excusable neglect" provision of Code of Civil Procedure section 473, subdivision (b).  He scheduled that motion to be heard on March 26, 2024.  In support of the motion, appellant's counsel provided declaration to explain his nonappearance.

The City opposed the motion.  Affixed to the opposition were printouts from the court reservation system showing ample availability in the department for the motion to be heard as early as July 2022 (the month it was filed).

On March 26, 2024, the trial court convened a hearing on appellant's motion to vacate the dismissal and denied the motion, describing portions of counsel's declaration as "blatantly false," based on contradictions with the trial court's own memory of events.

## DISCUSSION

### 1. The trial court did not abuse its discretion

Code of Civil Procedure section 473, subdivision (b), provides: "The court may, upon any terms as may be just, relieve a party or [their] legal representative from a judgment, dismissal, order, or other proceeding taken against [them] through [their] mistake, inadvertence, surprise, or excusable neglect."  Relief under this provision "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

We review the trial court's ruling for an abuse of discretion. (*Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1562.) " 'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' "  (*Ibid*.)

The trial court determined, based on its own memory of events, that parts of counsel's declaration were "blatantly false."  In view of these blatant falsehoods, the trial court understandably concluded that it "[couldn't] trust any of the representations that were made in that declaration."  It is not our place to second-guess the trial court in this

4

regard, and it did not abuse its discretion in denying appellant's motion to vacate in view of its findings.

Although the trial court did not explicitly rely on the timing of the motion and hearing, we note that appellant's counsel waited six months to file the motion to vacate, despite being informed of the dismissal only minutes after it happened, and that counsel proceeded to schedule the motion two years out from the date of dismissal, despite ample availability for the court to hear it *years* sooner.  He cannot be said to have acted "within a reasonable time."  (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625 ["Unexplained delays of more than three months in seeking relief from default after knowledge of its entry generally result in denial of relief"].)  These circumstances provide further support for the trial court's determination that counsel lacked credibility in his declaration intended to show excusable neglect.

2.     **The dismissal must be affirmed in any case because the action had already been dismissed by the federal court**

Although the parties did not brief the issue, there is an independent basis for affirmance:  After appellant removed his own action to federal court, the federal court *dismissed* the action for improper removal.  It did not remand the action to state court.  "There having been a dismissal without remand, there was no *action* in which [the state] court could 'resume' jurisdiction."  (*Allstate Insurance Co. v. Superior Court* (1982) 132 Cal.App.3d 670, 676 ["That court consequently erred, and exceeded its jurisdiction, in permitting further proceedings . . . after the federal court had dismissed it"].)

**DISPOSITION**

The trial court's order is affirmed.  The City is entitled to recover its costs on appeal.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


CHAVEZ, J.


RICHARDSON, J.